UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| AARON D. WINDOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-cv-00304-JPH-MJD |
| ) | |
| DUSHAN ZATECKY, et al. ) | |
| ) | |
| Defendants. ) | |

**Order Screening Complaint, Severing Misjoined Claims, Directing Service of Process, and Denying Motion to Appoint Counsel**

Plaintiff Aaron D. Windom is a prisoner currently incarcerated at Wabash Valley Correctional Facility. He filed this civil action alleging that the defendants violated his First, Eighth, and Fourteenth Amendment rights while he was incarcerated at Pendleton Correctional Facility. The Court now screens his complaint.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the

> plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint

The complaint names eight defendants: Warden Dushan Zatecky, Assistant Warden Alsip, Prison Administrator Reagle, Unit Team Manager Stamper, Lieutenant J.C. Jackson, Officer Hammond, Wexford of Indiana, LLC (Wexford), and Health Service Director. Although the plaintiff is now housed at Westville Correctional Facility, the following allegations set forth in the plaintiff's complaint allegedly occurred while he was housed at Pendleton Correctional Facility (Pendleton).[1]

In February 2020, inmates at Pendleton began contracting COVID-19. In March 2020, Warden Zatecky and other administrators at Pendleton suspected that inmates in the American Legion dorm had been exposed to COVID-19. Warden Zatecky and other administrators then moved an inmate from the American Legion dorm to the plaintiff's dorm which was an open room housing 81 inmates in close quarters. Inmates in the dorm, including the plaintiff, became sick and the dorm was placed on lockdown.

---

[1] The plaintiff attached exhibits to his complaint. While the Court may consider documents attached to a complaint, it is Plaintiff's burden to plead a short and plain statement of the claim. Fed. R. Civ. P. 8(a)(2); *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). In this case, the Court will not sift through the documents and try to discern their potential relevance at the pleading stage. *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (stating that attachments to a complaint may be stricken). However, the plaintiff may refer to the exhibits in future filings, without having to resubmit them, by referencing their docket and page number.

A week after the first inmate in the dorm tested positive for COVID-19, the plaintiff and approximately 20 other inmates were moved to one-man cells because they were exhibiting symptoms of COVID-19. Moves of this magnitude required the approval of Warden Zatecky and defendant Alsip.

The plaintiff and other inmates were soon moved to a gym that housed inmates from different areas of the prison. The Health Services Director and Wexford staff failed to provide any treatment for the plaintiff's COVID-19 symptoms. The plaintiff alleges that this was because Wexford failed to establish or implement policies and practices to ensure that inmates received appropriate care and because Wexford maintained a practice of delaying or denying medical treatment to save money.

On April 15, 2020, Indiana Health Department staff tested all inmates housed in the gym and told Warden Zatecky, defendant Alsip, and unit team manager Stamper that no one should be moved into or out of the gym until the test results were received within two to three days.

On April 17, 2020, unit team manager Stamper and Lt. Jackson tried to place a COVID-19 positive inmate in the gym. Inmates housed in the gym demanded to speak with a supervisor. Unit team manager Stamper then called a Signal-10. Sgt. Lunsford, Officer Hammond, James Walker, and other staff responded to the signal. The plaintiff was on the phone when Sgt. Lunsford and Officer Hammond told him to hang up the phone and grabbed him by the arm. Officer Hammond then tased the plaintiff in the back at the same time that defendant Stamper sprayed O/C spray near him. Officer Davis, who is not named as a defendant in the complaint, also sprayed the plaintiff with O/C spray, handcuffed him, and placed him in a dry cell for several hours. He was not provided an opportunity to remove the O/C spray from his eyes and face.

During this time, the plaintiff called for help to the prison staff nearby, but no one assisted him. His hand was broken, and his face and eyes were burning and stinging. Medical staff came to his cell but left without providing any assistance.

Officer Davis later placed the plaintiff in a cell with water, but the water was brown. The plaintiff was refused clean drinking water and access to a shower between April 17, 2020 and April 20, 2020. On April 19, 2020, the plaintiff learned he had tested positive for COVID-19.

On April 21, 2021, medical staff X-rayed the plaintiff's hand and confirmed that it was broken.

The plaintiff seeks nominal, compensatory, and punitive damages.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, any conspiracy claim under § 1985 is **dismissed for failure to state a claim**. The function of a conspiracy claim under 42 U.S.C. § 1985(3) is to "permit recovery from a private actor who has conspired with state actors." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (quoting *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009)). The complaint contains no factual allegations against any private actors. Thus, the complaint contains no basis for a § 1985 conspiracy claim.

Second, the plaintiff's general claim that all Wexford staff members were deliberately indifferent to his COVID-19 symptoms must be **dismissed**. "[I]t is pointless to include anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). If, through the discovery process, the plaintiff learns

4

the identities of additional defendants, he may file a motion for leave to amend his complaint to add them.

Next, the plaintiff's claim that defendants Zatecky, Alsip, and Reagle, by way of their position as prison administration, are responsible for the plaintiff being placed in a cell with dirty water is **dismissed** for failure to state a claim. *Vance v. Rumsfeld*, 701 F.3d 193, 204 (7th Cir. 2012) (knowledge of subordinates' misconduct is not enough for liability). The plaintiff has not identified a defendant who is personally responsible for his placement in a cell that lacked clean water and his allegation that defendants Zatecky, Alsip, and Reagle knew of the disturbance that led to his placement is insufficient to hold these defendants personally responsible.

Finally, the complaint alleges that Wexford and its staff discriminated against the plaintiff in violation of the Rehabilitation Act, 29 U.S.C. § 794, by refusing to respond to his pleas for medical assistance. dkt. 1 at 11. To state a claim under the Rehabilitation Act, a plaintiff must allege that he is a qualified person with a disability and that prison officials denied him access to a program or activity because of his disability. *Jaros v. Illinois Dep't of Corr.,* 684 F.3d 667, 672 (7th Cir. 2012).The plaintiff's allegations do not state a claim for relief under the Rehabilitation Act because he does not allege that he was denied access to a program or activity because of a disability. Nor does the complaint allege that the plaintiff was subjected to disparate treatment because of his membership in a protected class. *See Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) ("To establish a prima facie case of discrimination under the equal protection clause, [plaintiff is] required to show that he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was treated differently from members of the unprotected class."). Therefore, the plaintiff's Rehabilitation Act claim, and any intended equal protection claim, are **dismissed for failure to state a claim**.

The following claims raised in the complaint are potentially viable claims:

- Eighth Amendment claims against defendants Zatecky, Alsip, Jackson, Stamper, and Reagle, for acting with deliberate indifference to the risk of spreading COVID-19;

- Eighth Amendment deliberate indifference claims against the Health Services Director for failing to test and treat the plaintiff in a timely fashion;

- Policy and practice claims against defendant Wexford for failing to enact policies to provide appropriate medical services to inmates and maintaining a policy of making treatment decisions based on financial incentives rather than medical judgment;

- Eighth Amendment excessive force and deliberate indifference claims against defendants Stamper and Hammond for their involvement in tasing the plaintiff, spraying him with mace, and failing to provide him access to medical attention or facilities to decontaminate himself with afterward; and

- State law indemnification claims against defendants Zatecky and Wexford

However, all of these claims cannot proceed in one action. A plaintiff may only join defendants in one lawsuit if the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). The plaintiff's claims arising out of the alleged excessive force incident do not arise out of the same transaction or occurrence as his claims related to COVID-19. Therefore, the Court **severs** the plaintiff's claims pursuant to Federal Rule of Civil Procedure 21 and the following orders:

1. This action **will proceed** with Eighth Amendment claims related to COVID-19 and medical care against defendants Zatecky, Alsip, Jackson, Stamper, Reagle, Health Services Director, and Wexford pursuant to 42 U.S.C. § 1983. The plaintiff's state law indemnification claims against defendants Zatecky and Wexford will also procced in this action.

2. The **clerk is directed** to open a new civil action in the Terre Haute Division.
   a. The plaintiff will be Aaron D. Windom.
   b. The defendants will be Stamper, Hammond, and Zatecky.
   c. The Nature of Suit will be 555.
   d. The Cause of Action will be 42:1983pr.

   e. The **clerk is directed to docket** copies of the complaint (dkt. [1]), motion for leave to proceed *in forma pauperis* (dkt. [2]), response to the notice of deficiency (dkt. [8]), and this order in the new action.
   f. This action and the new action will be shown as linked actions on the docket.
   g. The assignment of judicial officers will be by random draw.

This summary of remaining claims includes all the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through February 4, 2022,** in which to identify those claims.

## IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Zatecky, Alsip, Jackson, Stamper, Reagle, Health Services Director, and Wexford in the manner specified by Rule 4(d). Process shall consist of the complaint filed on August 3, 2021, dkt [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees and Wexford of Indiana, LLC, electronically.

It is unclear from the complaint whether the defendant Health Services Director is an employee of the Indiana Department of Correction or Wexford. Therefore, the Court will attempt service both by electronic service to the Indiana Department of Correction and by mail to Pendleton Correctional Facility. If the Health Services Director is an employee of Wexford, Wexford is ORDERED to provide the full name and last known home address of the Health Services Director if they have such information and the Health Services Director fails to waive service. This information may be provided to the Court informally or may be filed *ex parte*.

## V. Motion to Appoint Counsel

The plaintiff's second motion to appoint counsel, dkt. [12], is **denied** for the same reasons as discussed in the Court's September 9, 2021, Order. *See* dkt. 11. The **clerk is directed** to send him a motion for assistance recruiting counsel form, which he must use if he chooses to renew his motion. The Court will remain alert to changes in circumstances that may warrant reconsideration of the motion, such as a settlement conference or trial.

**SO ORDERED.**

Date: 1/5/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

AARON D. WINDOM
109441
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Health Services Director
Pendleton Correctional Facility
4490 W Reformatory Rd
Pendleton, IN 46064

Electronic service to Indiana Department of Correction:
    Dushan Zatecky
    Alsip
    Reagle
    Stamper
    J.C. Jackson
    Health Services Director
        (All at Pendleton Correctional Facility)

Electronic service to Wexford of Indiana, LLC