UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| AARON D. WINDOM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22-cv-00004-JPH-DLP |
| | ) |
| STAMPER, | ) |
| HAMMOND, | ) |
| ZATECKY, | ) |
| | ) |
| Defendants. | ) |

### Order Granting Motion for Leave to Proceed *In Forma Pauperis*, Screening Complaint, And Directing Service of Process

Plaintiff Aaron Windom is a prisoner currently incarcerated at Wabash Valley Correctional Facility. This action was opened after the Court screened Mr. Windom's civil rights complaint in case number 2:21-cv-00304-JPH-MJD and severed misjoined claims against defendants Stamper, Hammond, and Zatecky. The Court now addresses Mr. Windom's motion for leave to proceed in forma pauperis and screens his complaint.

### I. *In Forma Pauperis* Status

Mr. Windom's motion to proceed *in forma pauperis,* dkt. [2], is **granted**. Although Mr. Windom is excused from *pre*-paying the full filing fee, he still must pay the three hundred and fifty dollar ($350.00) filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2) when able. *See* 28 U.S.C. § 1915(b)(1) ("the prisoner shall be required to pay the full amount of a filing fee.").

The assessment of even an initial partial filing fee is waived because the plaintiff has no assets and no means by which to pay a partial filing fee. 28 U.S.C. § 1915(b)(4). Accordingly, no initial partial filing fee is due at this time.

## II. Screening Standard

Because Mr. Windom is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## III. The Complaint

The claims proceeding in this action relate to three defendants: Warden Dushan Zatecky, Unit Team Manager Stamper, and Officer Hammond. Although Mr. Windom is now housed at Wabash Valley Correctional Facility, the following allegations set forth in his complaint allegedly occurred while he was housed at Pendleton Correctional Facility (Pendleton).

In February 2020, inmates at Pendleton began contracting COVID-19. A week after an inmate in Mr. Windom's dorm tested positive for COVID-19, Mr. Windom and approximately 20 other inmates were moved to one-man cells because they were exhibiting symptoms of COVID-

19. Mr. Windom and other inmates were soon moved to a gym that housed inmates from different areas of the prison. On April 15, 2020, Indiana Health Department staff tested all inmates housed in the gym and told Warden Zatecky, defendant Alsip, and unit team manager Stamper that no one should be moved into or out of the gym until the test results were received within two to three days.

On April 17, 2020, unit team manager Stamper and Lt. Jackson tried to place a COVID-19 positive inmate in the gym. Inmates housed in the gym demanded to speak with a supervisor. Unit team manager Stamper then called a Signal-10. Sgt. Lunsford, Officer Hammond, James Walker, and other staff responded to the signal. Mr. Windom was on the phone when Sgt. Lunsford and Officer Hammond told him to hang up the phone and grabbed him by the arm. Officer Hammond then tased Mr. Windom in the back at the same time that defendant Stamper sprayed O/C spray near him. Officer Davis, who is not named as a defendant in the complaint, also sprayed Mr. Windom with O/C spray, handcuffed him, and placed him in a dry cell for several hours. He was not provided an opportunity to remove the O/C spray from his eyes and face.

During this time, Mr. Windom called for help to the prison staff nearby, but no one assisted him. His hand was broken, and his face and eyes were burning and stinging. On April 21, 2021, medical staff X-rayed Mr. Windom's hand and confirmed that it was broken. He seeks nominal, compensatory, and punitive damages.

**IV. Discussion of Claims**

The following claims shall proceed in this action:

- Eighth Amendment excessive force and deliberate indifference claims against defendants Stamper and Hammond for their involvement in tasing the plaintiff, spraying him with mace, and failing to provide him access to medical attention or facilities to decontaminate himself with afterward; and

- A state law indemnification claim against defendant Zatecky.

## V. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Stamper, Hammond, and Zatecky in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

**SO ORDERED.**

Date: 1/11/2022

                              James Patrick Hanlon
                              United States District Judge
                              Southern District of Indiana

Distribution:

AARON D. WINDOM
109441
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic service to Indiana Department of Correction:

Warden Dushan Zatecky
Unit Team Manager Stamper
Officer Hammond
    (All at Pendleton Correctional Facility)