UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| AARON D. WINDOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00004-JPH-DLP |
| | ) | |
| HAMMOND, | ) | |
| ZATECKY, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Amended Complaint and Directing Service of Process**

Plaintiff Aaron D. Windom is a prisoner currently incarcerated at Wabash Valley Correctional Facility. This action was opened after the Court screened Mr. Windom's civil rights complaint in case number 2:21-cv-00304-JPH-MJD and severed his misjoined claims. Shortly after the defendants answered and asserted the defense of failure to exhaust administrative remedies, Mr. Windom filed an amended complaint. He wishes to add claims against a new defendant, Dennis E. Davis. Because he is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint before service on the defendant.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Amended Complaint

The amended complaint names three defendants—Eric Hammond, Dennis E. Davis, and Dushan Zatecky. Although Mr. Windom is now housed at Wabash Valley Correctional Facility, the following allegations set forth in his complaint allegedly occurred while he was housed at Pendleton Correctional Facility.

Mr. Windom alleges that, on April 17, 2020, Defendant Hammond lost his balance while attempting to sweep kick or trip Mr. Windom. Defendant Hammond then tased Mr. Windom even though Mr. Windom was not combative. Mr. Windom attempted to protect himself from the attack and a riot ensued. He was maced in the face by Officer Davis. Officer Davis then applied handcuffs to Mr. Windom and escorted him to a dry cell. Mr. Windom was not provided medical attention or access to water to remove the mace for several hours. He did not gain access to a shower or clean drinking water until April 20, 2020. Mr. Windom seeks nominal, compensatory, and punitive damages.

## III. Discussion of Claims

The following claims shall proceed in this action:

- Eighth Amendment excessive force claims against defendants Davis and Hammond for their involvement in tasing the plaintiff and spraying him with mace;

- Eighth Amendment deliberate indifference claims against defendant Davis for failing to provide Mr. Windom access to medical attention or facilities to decontaminate himself with afterward; and

- A state law indemnification claim against defendant Zatecky.

These are the only viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the amended complaint, but not identified by the Court, he shall have **through May 10, 2022,** in which to identify those claims.

### IV. Service of Process

The **clerk is directed** to add Dennis E. Davis as a defendant on the docket. The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process electronically to defendant Davis in the manner specified by Rule 4(d). Process shall consist of the amended complaint (dkt. [17]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order. Defendants Hammond and Zatecky have already been served and shall have 21 days to answer or otherwise respond to the amended complaint.

The defendants' deadline of April 25, 2022, to file a dispositive motion in support of the exhaustion defense is **stayed**. *See* dkt. 16.

**SO ORDERED.**

Date: 4/18/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

AARON D. WINDOM
109441
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838


Erica Lee Sawyer
INDIANA ATTORNEY GENERAL
Erica.Sawyer@atg.in.gov


Electronic service to Indiana Department of Correction:

    Dennis E. Davis at Pendleton Correctional Facility