UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

AARON D. WINDOM,                          )
                                          )
                    Plaintiff,            )
                                          )
            v.                            )        No. 2:22-cv-00004-JPH-DLP
                                          )
HAMMOND, et al.,                          )
                                          )
                    Defendants.           )

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Aaron D. Windom, an Indiana inmate, brought this action under 42 U.S.C. § 1983 alleging that defendants Hammond and Davis violated his Eighth Amendment right to be free from excessive force on April 17, 2020, by tasing him and spraying him with mace even though he was not combative. He also alleges that defendant Davis failed to provide him access to medical care after the incident and that defendant Zatecky is liable for these harms under Indiana indemnification law.

The defendants have moved for summary judgment, arguing that Mr. Windom failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), before filing this lawsuit. For the reasons explained below, the defendants' motion for summary judgment, dkt. [25], is **denied** because there are issues of material fact that must be resolved at a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

**I. Summary Judgment Standard**

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 248 (1986). The court views the facts in the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-moving party's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

## II. Exhaustion Standard

The PLRA requires that a prisoner exhaust available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

"Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Ross v. Blake,* 136 S. Ct. 1850, 1859 (2016).

2

### III. Facts

#### A.  IDOC Grievance Process

The Indiana Department of Correction (IDOC) has a grievance process to resolve inmates' concerns and complaints relating to their conditions of confinement prior to filing suit in court. Dkt. 25-3 at 1. The grievance process consists of three steps. First, an inmate must file a formal grievance within 10 business days of an incident if his attempt to informally resolve his issue fails. Next, if the inmate is not satisfied with the response to the formal grievance, he may submit an appeal to the warden. Finally, if the inmate is not satisfied with the response from the warden or the warden's designee, he may file an appeal to the IDOC grievance manager. Exhaustion of the grievance process requires pursuing a grievance to the final step. *Id.* at 9-13.

#### B.  Mr. Windom's Grievance History

IDOC records reflect that on June 7, 2020, Mr. Windom filed two formal grievances about the April 17, 2020, incident. Dkt. 25-2 at 6. In a letter dated June 8, 2020, Mr. Windom explained that he had Covid-19 when he was transferred to Westville and that he was quarantined and denied access to his property and grievance forms. He alleges in the letter that he sent his grievances on the first day he had access to the grievance forms. Dkt. 25-5 at 2. However, the grievances were rejected by Grievance Specialist John R. Harvil because they were filed too late. Dkt. 25-5. Westville Grievance Specialist Shannon Smith and Pendleton Grievance Specialist Christina Conyers attest that "the Offender Grievance Process is available for use by offenders at all times, including while in restrictive housing or segregation." Dkt. 25-1 at 5, ¶ 24; dkt. 25-2 at 5, ¶ 24.

### IV. Discussion

Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,*

438 F.3d 804, 809 (7th Cir. 2006). However, an inmate is not required to exhaust unavailable remedies. *Ross*, 136 S. Ct. at 1858. For example, an administrative procedure is unavailable when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860.

Here, the defendants present evidence that Mr. Windom failed to successfully submit a timely grievance regarding the allegations in his complaint. *See e.g.*, dkt. 25-5 at 1. But the defendants also provided Mr. Windom's letter—dated the day after he sent his grievances—in which he explained that he was "refused [his] property," including grievance forms, and that he sent the grievances the first day he was able to. *Id.* at 2. The defendants' brief does not acknowledge that letter or explain why the grievance process was nevertheless available. *See* dkt. 26. There is therefore a dispute of material fact as to whether Mr. Windom had access to the grievance process within ten business days of the incident. This dispute regarding the availability of the grievance process cannot be resolved on summary judgment; it must instead be resolved at a *Pavey* hearing. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

## V.
## Order to Counsel

Defendants' Brief in Support of Motion for Summary Judgment ignored evidence they submitted showing that Mr. Windom claimed that the grievance process was unavailable to him until after the ten-day deadline had expired. *See* dkt. 26; dkt. 25-5. Considering this evidence, the defendants should not have moved for summary judgment. At a minimum, the defendants were obligated to acknowledge Mr. Windom's letter and explain why they believed it did not create a disputed issue of material fact as to whether the grievance process was available to Mr. Windom.[1]

---

[1] The Court notes that in Mr. Windom's related case, *Windom v. Wexford of Indiana LLC, et al.*, 2:21-cv-00304-JPH-MJD, the defendants, also represented by the Indiana Attorney General, acknowledged this dispute of fact and moved for a *Pavey* hearing instead of moving for summary judgment. *Id.* at dkt. 44.

Filing a summary judgment motion that mischaracterizes the record and ignores material facts does not fulfill Rule 11's obligations. *Malin v. Hospira, Inc.*, 762 F.3d 552, 564-65 (7th Cir. 2014). The Court has issued sanctions in other cases where counsel for prison officials failed to take seriously their Rule 11 obligations not to seek summary judgment without a good-faith basis. *See Littler v. Martinez*, 2:16-cv-00472-JMS-DLP, dkt. 345 (January 3, 2020).  Here, in lieu of issuing an order to show cause why sanctions should not be imposed, *see Fuery v. City of Chicago*, 900 F.3d 450, 463 (7th Cir. 2018), the Court **ORDERS** counsel for the defendants to share this order with her colleagues at the Attorney General's Office who handle prison litigation cases and **file a certification** attesting to having done so **by December 9, 2022**.

## VI. Conclusion

The defendants' motion for summary judgment, dkt. [25], is **denied** for the reasons set forth above. The defendants shall have **through December 16, 2022**, to notify the Court whether they wish to withdraw their affirmative defense or proceed to a *Pavey* hearing.

**SO ORDERED.**

Date: 11/30/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

AARON D. WINDOM
109441
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels

6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Erica Lee Sawyer
INDIANA ATTORNEY GENERAL
Erica.Sawyer@atg.in.gov